**UNITED STATS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Magistrate No.: CR-07-517M-01 |
| | : | |
| | : | VIOLATION: 18 U.S. C. § 641 |
| | : | (Theft of Public Money (Misdemeanor)) |
| **v.** | : | |
| | : | |
| **PATRICIA BUCCELLO,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Patricia Buccello. As will be discussed below in more detail, the government: (1) moves the Court to impose a two-level increase in defendant's offense level because defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense; (2) moves for a two-level decrease in defendant's offense level because defendant appropriately accepted responsibility; and, (3) requests that defendant be sentenced to a term of four-months home confinement with electronic monitoring which is within the sentencing Guideline range as determined in the Presentence Investigation Report ("PSR").

## I. FACTUAL BACKGROUND

On October 31, 2007, defendant Patricia Buccello pled guilty before United States Magistrate Judge Deborah A. Robinson to a one-count Indictment charging her with Theft of Public Money, in violation of 18 U.S.C. §641.

As agreed to by defendant and set forth in the Statement of Offense and the PSR, at pages 4-6, from 1978 to 2007, defendant, Patricia Buccello (hereinafter "defendant"), worked as a Park

Ranger and Criminal Investigator for the National Park Service (NPS), located in Washington, D.C. Between February 2005, and March 2007, defendant was employed as the National Special Agent in Charge (SAC) at the NPS. As the National SAC, defendant's duties included managing all of the finance accounts for the NPS Special Agents.

On March 23, 2007, defendant was scheduled to represent the Director of the NPS at a ceremony honoring fallen NPS officers in Jacksonville, Florida. Defendant failed to attend this ceremony because she voluntarily gave up her seat on the flight to Jacksonville in return for a free round trip airline ticket. When asked why she failed to attend the ceremony, defendant informed several individuals including, Special Agents who attended the ceremony, her supervisor and DOI-OIG investigators, that her flight had been cancelled after being stuck for hours on the tarmac. In addition, defendant failed to travel to St. Louis to deliver the fatality report to the widow of one of the fallen officers who was honored at the March 23, 2007, ceremony held in Jacksonville, Florida. Defendant falsely stated to the widow, who was expecting personal delivery of the fatality report on July 10, 2006, that she would not make it to St. Louis because she was stuck on the tarmac. Defendant's failure to perform her official duties on these occasions resulted in monetary losses to the government of $2,649.30. Furthermore, from April 2005, through February 2007, defendant fraudulently charged to the government all or a portion of the airfare associated with nine different personal trips between Washington, D.C., and Maine. These fraudulently billed charges cost the government $4,265.21.

In the plea agreement, at page 3, ¶ 4, defendant agreed to pay restitution to the victim of her crime. Since pleading guilty defendant has made a full restitution payment of $10,864.95 to the National Park Service. In addition, she has resigned from her position at NPS.

## II. UNITED STATES SENTENCING GUIDELINES

    A.    <u>Statutory Maximum Sentence</u>.

The maximum sentence that may be imposed on defendant is a fine of not more than $100,000 or imprisonment for not more than one year, or both, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. Section 3571(d), a $25 special assessment, and a one-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

    B.    <u>Sentencing Guidelines Calculation</u>

The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. However, the government understands that a district court must consider the guideline range, <u>see</u> § 3553(a)(4), and is usually well advised to follow the Sentencing Commission's advice, in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Here, the United States Sentencing Guidelines, § 3E1.1, provides for a two-level decrease in a defendant's offense level for acceptance of responsibility, and, upon motion of the government, for a defendant whose level is 16 or greater and who has in a timely manner advised the government of defendant's intent to plead guilty, an additional one-level decrease. Defendant meets the criteria for a two-level decrease and the government hereby moves that the Court grant her a two-level decrease in her offense level for acceptance of responsibility.

The probation officer believes, and the United States concurs, that defendant's total offense level, incorporating the two-level decrease for acceptance of responsibility, is 8, her criminal history is I, and her guideline range is 0 to 6 months of imprisonment. PSR, at pages 6-7, ¶¶ 21-31 and page

13, ¶ 57. According to the PSR, defendant falls within Zone A of the Sentencing Table, which specifies that defendant is eligible for a term of probation of at least one year but not more than five years. Id., at page 13, ¶¶ 62-63.

### III.  RECOMMENDATIONS

Patricia Buccello pled guilty to one count of Theft of Public Money. For the reasons stated below, the government requests that the Court impose a sentence of four-months home confinement with electronic monitoring which is within the sentencing Guideline range as determined in the PSR.

Defendant's conduct, with its resulting harm to the National Park Service, was serious conduct that needs to be adequately punished. Moreover, beyond the financial loss to the National Park Service, the corruption of a public service institution itself is a wrong. Corruption by public officials in the federal government, at whatever level, is a serious and, unfortunately, too often recurring matter. Corruption erodes the public confidence in government officials, employees and institutions. Citizens will accept a system they believe operates fairly, but not one that they do not believe does so. Moreover, although most public servants are honest and hard working, their morale is hurt by those who engage in corruption.

The actions of defendant in this case are even more abhorrent given her employment and background. Defendant, as the National SAC at the NPS, was the Park Service's head law enforcement officer. She was sworn to uphold the law and it was her responsibility to supervise approximately 45 NPS Special Agents who in turn, were responsible for investigating, among other things, instances of fraud and corruption within the NPS. In this case, defendant's conduct was not an isolated to a one-time event. Her criminal conduct involved but, a series of events that occurred over a period of almost two years. Further, when confronted with questions relating to failures to

perform her official duties, defendant fabricated accounts of the events to excuse her behavior. She then falsely reported these wholly fabricated accounts to Special Agents of the NPS, her supervisor and DOI-OIG investigators. In addition to the financial harm suffered by the NPS, defendant's actions caused significant disgrace and embarrassment to the NPS and every member of that organization. All of these factors heighten the egregiousness of her reprehensible criminal conduct.

It is also troubling that following her guilty plea, defendant disputes portions of certain paragraphs that were included in the Statement of Offense which she signed and swore, while under oath, were accurate at her plea hearing before the Court on October 31, 2007. PSR at pages 17-18. Defendant's objections to facts to which she had previously sworn were accurate is troubling. Taken together, defendant's objections demonstrate, at minimum, a lack of contrition and provide an indication that she has not taken full responsibility for her unethical and criminal actions.

## IV. CONCLUSION

WHEREFORE, the government respectfully requests that the Court impose a two-level increase for abuse of position of trust, grant defendant a two-level decrease for acceptance of responsibility, impose a sentence of four-months home confinement with electronic monitoring.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

RONALD W. SHARPE   D.C. Bar No. 434575
Assistant United States Attorney
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5828
Washington, D.C.  20530
(202) 353-9460
ronald.sharpe@usdoj.gov